UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

OG JUN 26  PM 4: 53

HEALTH DISCOVERY CORPORATION            )
                                        )
                    Plaintiff,          )
                                        )        CIVIL ACTION CASE
v.                                      )
                                        )        NO. **2 - 0 6** ᴜ V - 2 6 0 *TJW*
CIPHERGEN BIOSYSTEMS, INC.              )
                                        )
                    Defendant           )
_____)

## COMPLAINT

Plaintiff Health Discovery Corporation hereby files its Complaint against Defendant Ciphergen Biosystems, Inc and states:

1       This is an action for damages, injunctive relief, and attorney's fees under the Patent Act, 35 U S C. §§ 1-376.

## The Parties

2       Plaintiff Health Discovery Corporation ("Plaintiff" or "HDC") is a corporation organized and existing under the laws of Texas

3       Upon information and belief, Defendant Ciphergen Biosystems, Inc ("Defendant") is a corporation formed under the laws of the state of Delaware and has its principal place of business in the state of California. Defendant may be served with process through its designated agent, CT Corporation, whose address is 818 West Seventh Street, Los Angeles, California 90017

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action is based on Defendant's alleged violation of the patent laws, including 35 U.S.C. § 271.

5.     Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant has used, offered for sale, and/or sold, and Defendant's customers and/or business partners have used, the support vector machine ("SVM") technology embodied in the patents-in-suit in Texas, including in this district.

6.     Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1400.

## Factual Background

7.     On July 30, 2002, United States Patent No. 6,427,141 ("the "141 Patent") issued, having 23 claims covering, *inter alia*, methods for enhancing knowledge discovered from data using multiple SVMs. A true and correct copy of the '141 Patent is attached hereto as Exhibit A.

8.     On July 6, 2004, United States Patent No. 6,760,715 ("the '715 Patent") issued, having 22 claims covering, *inter alia*, methods for enhancing knowledge discovered from biological data using multiple SVMs and a related device. A true and correct copy of the '715 Patent is attached hereto as Exhibit B.

9.     On September 7, 2004, United States Patent No. 6,789,069 ("the '069 Patent") issued, having 51 claims covering, *inter alia*, systems and methods for enhancing knowledge discovered from biological data using a SVM and a method for diagnosing disease using SVMs. A true and correct copy of the '069 Patent is attached hereto as Exhibit C.

10      HDC is the assignee of and owns all right, title and interest in the '141 Patent, the '715 Patent, and the '069 Patent (collectively the "Patents-in-Suit")

11      Upon information and belief, Defendant uses, offers to sell, and/or has sold software containing the SVM technology covered by the Patents-in-Suit  Upon information and belief, such infringing SVM technology is contained within one or more of Defendant's software products, including ProteinChip™ Software, Biomarker Patterns™, and CiphergenExpress™

12      Upon information and belief, Defendant has induced and/or contributed to others' use of the SVM technology covered by the Patents-in-Suit

13      Upon information and belief, Defendant's infringing products have been and are used, *inter alia*, to analyze protein expression data for discovery of biomarkers for use in diagnosis and treatment of disease, including various types of cancer

## COUNT 1:
### Infringement of the '141 Patent

14      HDC incorporates the averments set forth in paragraphs 1 through 13 above as if fully set forth herein

15      Upon information and belief, Defendant's use, offer for sale and sale of at least its ProteinChip™ Software, Biomarker Patterns™, and CiphergenExpress™ products infringe one or more claims of the '141 Patent in violation of 35 U S C  § 271

16      Defendant's infringement has damaged HDC in an amount to be proven at trial

17      Defendant's infringement will continue to damage HDC and is causing HDC irreparable harm from which there is no adequate remedy at law

18      Upon information and belief, Defendant's infringement is knowing and willful, making this case exceptional within the meaning of 35 U S C  § 285

## COUNT 2:
### Infringement of the '715 Patent

19   HDC incorporates the averments set forth in paragraphs 1 through 13 above as if fully set forth herein

20   Upon information and belief, Defendant's use, offer for sale and sale of at least its ProteinChip™ Software, Biomarker Patterns™, and CiphergenExpress™ products infringe one or more claims of the '715 Patent in violation of 35 U.S.C. § 271.

21   Defendant's infringement has damaged HDC in an amount to be proven at trial

22   Defendant's infringement will continue to damage HDC and is causing HDC irreparable harm from which there is no adequate remedy at law

23   Upon information and belief, Defendant's infringement is knowing and willful, making this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT 3:
### Infringement of the '069 Patent

24   HDC incorporates the averments set forth in paragraphs 1 through 13 above as if fully set forth herein.

25   Upon information and belief, Defendant's use, offer for sale and sale of at least its ProteinChip™ Software, Biomarker Patterns™, and CiphergenExpress™ products infringe one or more claims of the '069 Patent in violation of 35 U.S.C. § 271

26   Defendant's infringement has damaged HDC in an amount to be proven at trial

27   Defendant's infringement will continue to damage HDC and is causing HDC irreparable harm from which there is no adequate remedy at law

28   Upon information and belief, Defendant's infringement is knowing and willful, making this case exceptional within the meaning of 35 U.S.C. § 285

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Health Discovery Corporation prays that judgment be entered in its favor on all counts and that the Court grant the following relief:

1       Defendant and those persons acting in concert with Defendant be enjoined from making, using, offering for sale, or selling any product that infringes one or more claims of the Patents-in-Suit (and inducing or contributing to any other person doing the same), pursuant to 35 U.S.C. § 283;

2       An award of compensatory damages caused by Defendant's infringement pursuant to 35 U.S.C. § 284;

3       An award of enhanced damages pursuant to 35 U.S.C. § 284;

4       An award of reasonable attorney's fees pursuant to 35 U.S.C. § 285;

5       An award of Plaintiff's costs associated with this action;

6       An award of prejudgment interest; and

7       Such further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

HDC demands a trial by jury on all issues so triable.

Respectfully submitted,

W. Scott Creasman
Ryan T. Pumpian
POWELL GOLDSTEIN LLP
Fourteenth Floor
1201 West Peachtree Stree, NW
Atlanta, Georgia  30303
(404) 572-6600
(404) 572-6999 (facsimile)
SCreasman@pogolaw.com

Michael C. Smith
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: (903) 935-1665
Facsimile: (903) 935-1797
ms@rothfirm.com

ATTORNEYS FOR PLAINTIFF HEALTH
DISCOVERY CORPORATION

6