## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEALTH DISCOVERY CORPORATION § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 2:06-CV-260 (TJW) |
| CIPHERGEN BIOSYSTEMS, INC., § | |
| Defendant. § | |
| § | |
| § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Transfer Venue (#10) and Plaintiff's Motion to Transfer Venue to Another Federal District Court in Texas or, Alternatively, to Take Discovery (#21). The Court has carefully considered the parties' written submissions and GRANTS, in part, and DENIES, in part, Defendant's motion to transfer and DENIES Plaintiff's motion to transfer venue. It is ordered that this case be transferred to the Northern District of California for the reasons set forth below.

**I.   Factual Background**

In this patent infringement suit, Health Discovery Corporation ("HDC") claims that Ciphergen Biosystems, Inc. ("Ciphergen") infringes United States Patents Nos. 6,427,141 ("the '141 patent"); 6,760,715 ("the '715 patent"); and 6,789,069 ("the '069 patent"). Ciphergen has filed a counterclaim disputing the ownership of the patents based on collaborative agreements with the original assignee of the patents. HDC is a Texas corporation with its principal place of business in Georgia. Ciphergen is a Delaware corporation with its principal place of business in California.

The '141 patent application was filed in May 2000 and the '715 and '069 patent applications

were filed in August 2000. Dr. Stephen Barnhill, an employee of Barnhill Genomics, LLC ("Barnhill Genomics") at the time the patents were filed, was listed as either the sole inventor or one of the inventors in all three patents. These patents were originally assigned to Barnhill Technologies, LLC and licensed to Barnhill Genomics.

In February 2001, Dr. Barnhill was terminated from Barnhill Genomics, and Barnhill Technologies changed its name to BIOwulf Technologies, LLC ("BIOwulf"). In April 2001, BIOwulf entered into a "Mutual Confidentiality and Non-Disclosure Agreement" with Ciphergen. In January 2002, BIOwulf entered into a "Contract Research Agreement" with Ciphergen. In February 2002, BIOwulf assigned a security interest in all three patents to a consortium of lenders in Savannah, Georgia as collateral for a loan. BIOwulf subsequently defaulted on the loan. As a result of the foreclosure sale, the rights to all three patents were transferred to the lenders. HDC then acquired rights to all three patents through asset purchase agreements with the lenders.

HDC filed this patent infringement against Ciphergen in June 2006. HDC now moves to transfer venue to the Western District of Texas or the Southern District of Texas, or, alternatively, to take discovery on Ciphergen's contacts with the Eastern District of Texas. Ciphergen also moves to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(3), or, in the alternative, pursuant to 28 U.S.C. § 1404(a).

**II.     Discussion**

    **A.     28 U.S.C. § 1406(a)**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Ciphergen contends that venue in the

Eastern District of Texas is improper because it does not "reside" within the district nor does it conduct business in this district. *See* 28 U.S.C. § 1400(b). A corporation is deemed to "reside" in the judicial district in which it would have personal jurisdiction if that judicial district were considered to be a state. *See* 28 U.S.C. § 1391(c). A court may exercise personal jurisdiction over a nonresident who has sufficient contact with the district in which the court sits. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) (citations omitted). Ciphergen argues that it has not conducted any business within the Eastern District of Texas and, therefore, does not have sufficient contact with this district for this Court to assert personal jurisdiction. HDC has not produced any facts to the contrary, but suggests that Ciphergen likely has sufficient contact with the district based on its alleged business conduct in other parts of Texas. HDC now requests additional discovery into Ciphergen's possible contacts with this district. The Court agrees with Ciphergen that this suit was filed without sufficient facts to support its contention that venue was proper, and, therefore, this case was filed in the wrong district.

      The Court must now determine whether jurisdiction would be proper in the district requested in the motion to transfer, specifically the Northern District of California. HDC argues that the Northern District of California is not a proper venue because that court lacks personal jurisdiction over HDC. *Plaintiff's Response to Defendant's Motion to Transfer Venue ("Plaintiff's Response")* at 18. HDC, however, does not dispute that its suit "could have been brought" in the Northern District of California.[1] Therefore, contrary to HDC's personal jurisdiction argument, venue is proper in the Northern District of California.

---

    [1] A patent infringement suit may be brought in the judicial district where the defendant resides, which, in this case, is the Northern District of California. *See* 28 U.S.C. § 1400(b).

Ciphergen contends that the case should be transferred to the Northern District of California because HDC is bound by the forum selection clauses, specifying California as the applicable jurisdiction, contained in the "Mutual Confidentiality and Non-Disclosure Agreement" and "Contract Research Agreement." HDC argues that it is not bound by the forum selection clauses because they were not a party to the agreements. Furthermore, HDC argues that the agreements could not have affected the applications for the patents-in-suit because the applications were filed prior to the signing of the agreements. At this early stage of the case, the Court agrees with HDC that the patents could not contain any new subject matter resulting from the agreements. Therefore, the forum selection clauses in the two agreements do not apply. Defendant's motion to transfer to the Northern District of California pursuant to 28 U.S.C. § 1406(a) is DENIED.

### B.     28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Both parties have moved to transfer this case to a different venue.[2] As discussed previously, venue is proper in the Northern District of California. However, HDC also argues that the Western District of Texas or the Southern District of Texas would be a proper venue for this case because the alleged infringing products are located in those districts.

It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular

---

[2] In patent cases, the law of the regional circuit applies when considering transfer of venue pursuant to § 1404(a). *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

In determining the appropriate transferee court, the Court must consider "the convenience of the parties and witnesses." The convenience determination involves private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

    **a.**    **Private Factors**

    1.    <u>Plaintiff's Choice of Forum</u>

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff initially chose to bring their suit in the Eastern District of Texas. It now requests a transfer to the Western District of Texas or the Southern District of Texas even though it could have initially brought this suit in any of those forums. The plaintiff's second or third choices of forum receives no deference,

especially when the events giving rise to this infringement action do not dominate in either the plaintiff's or the defendant's choices of forum. *See Tiffany v. Hometown Buffet, Inc.*, 2006 WL 2792868, *2 (N.D. Cal. Sept. 28, 2006); *see also Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1216 (D. Haw. 2002).

  2. <u>The Convenience of the Parties and the Witnesses</u>

  The Court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002). Ciphergen is headquartered in the Northern District of California. On the other hand, HDC is headquartered in Georgia. Although HDC is incorporated in Texas and operates a small office near Waco, Texas out of the home of one of its corporate officers, it will be inconvenienced regardless of whether this case remains in Texas or is transferred to California. In the Court's view, the convenience of the parties weighs in favor of transfer to the Northern District of California.

  The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed*, 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

  In its moving papers, the defendant has listed several witnesses located in California and has detailed the substance of their testimony. *Defendant's Motion to Transfer Venue ("Defendant's*

*Motion"*) at Exhibit 6.  On the other hand, the plaintiff argues that the witnesses listed by the defendant relate mainly to the defendant's counterclaims.  *Plaintiff's Response* at 16.  In addition, the plaintiff argues that the witnesses addressing the issues of infringement are actually located throughout the United States and Europe.  *Id*. at 16-17.  This Court has considered the convenience of all of the material witnesses in this case.  Given the record, the convenience of the witnesses suggests a transfer to the Northern District of California.

      3.      <u>The Place of the Alleged Wrong</u>

The plaintiff alleges that Ciphergen's infringing products are located in the Western District of Texas and the Southern District of Texas.  However, Ciphergen's products are also manufactured and developed at their corporate headquarters in California.  Because the alleged infringing products are located in the Northern District of California and the Western and Southern Districts of Texas, this factor only slightly supports a transfer to California.

      4.      <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

Both parties have identified witnesses in California, Texas, and other states.  The party witnesses and expert witnesses located across the country will be required to travel regardless of whether the case is in California or in Texas.  Therefore, the cost of obtaining the attendance of witnesses is neutral as to transfer to the Northern District of California or to the two districts in Texas proposed by the plaintiff.

There will be witnesses located across the country that would not be subject to the compulsory process in either California or Texas.  Therefore, the availability of compulsory process is also a neutral factor.

5.      The Availability and Location of Sources of Proof

The defendant contends that all of its developmental documentation and other evidence are located in the Northern District of California. *Defendant's Motion* at 22. In the Court's view, this factor weighs slightly in favor of transfer to the Northern District of California.

6.      The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). Because it is still early in the litigation, the plaintiffs would not be prejudiced by a transfer. *Ledoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 838 (E.D. Tex. 2002). Therefore, this factor is neutral. *Id.*

**b.      Public Interest Factors**

1.      The Administrative Difficulties Caused by Court Congestion

The parties do not address this factor. Therefore, this factor is neutral.

2.      The Local Interest in Adjudicating Local Disputes

The parties do not address this factor. However, the plaintiff is a Texas corporation and the defendant is headquartered in California. In addition, the plaintiff alleges infringing activity in both California and Texas. The Court finds that this factor is neutral as to transfer to the Northern District of California or the Western or Southern Districts of Texas.

3.      The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Citizens of the Northern District of California, Western District of Texas, or the Southern District of Texas would have an interest in determining if infringing activity is occurring in their

respective districts. This factor is neutral as to transfer to any of those districts.

    4.    <u>The avoidance of unnecessary problems in conflict of laws</u>

This case involves patent law and, therefore, will not involve a conflict of laws. This factor is neutral as to transfer to any of the districts proposed by the parties.

    **c.**    **Conclusion**

Those factors that are not neutral support a transfer of venue. Given that the Court owes no deference to the plaintiff's alternative choices of forum, the Court GRANTS Defendant's Motion to Transfer to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

**III.**    **Conclusion**

The Court DENIES Plaintiff's Motion to Transfer Venue or, Alternatively, to Take Discovery. The Court DENIES Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1406(a), and GRANTS Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). Accordingly, this case is hereby transferred to the Northern District of California.

    SIGNED this 10th day of January, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE